UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EVETTE NICOLE REED, | ) | (Case No. 14-44818-705) |
| | ) | |
| Debtor, | ) | (Chapter 7) |
| | ) | |
| _____ | ) | |
| | ) | |
| ROSS H. BRIGGS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV1141 AGF |
| | ) | |
| HON. CHARLES E. RENDLEN III, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the appeal of Appellant Ross H. Briggs ("Briggs") of two Orders entered by the Bankruptcy Court in a Chapter 7 proceeding on June 29, 2016, and May 4, 2016.  ECF No. 1.[1]  Currently before the Court is the Motion to

---

[1]  Although the same May 4 and June 29 Orders Briggs appeals from were entered in eight different bankruptcy cases, the Notice of Appeal that initiated the case before this Court was filed solely in the case of *In re Evette Nicole Reed*, Case No. 14-44848-705.  As will be discussed below, an earlier, related order of the Bankruptcy Court was entered in all eight bankruptcy cases and was previously appealed to the District Court, by the filing of a notice of appeal in each case.  On motion of Reed in the prior appeal, Judge Ronnie L. White consolidated the appeals filed by Reed in all eight cases into the appeal pending before him on May 25, 2016.  *See In re Evette Nicole Reed*, Case No. 4:16CV633 RLW, ECF No. 11.  However, the Order references a consolidation of the appeals, only, and not the underlying cases.  Thus, it appears that the instant appeal may affect only the order entered in the single bankruptcy case, *In re Evette Nicole Reed*, Case No. 14-44848-705.  However, Briggs has addressed this question, briefly, in his opening brief, *see* ECF No. 12,

Dismiss Appeal filed by Appellee,[2] primarily asserting that the appeal raises the same issues as, and is duplicative of, an earlier appeal between the same parties. Briggs has filed an opposition to the motion, and Appellee has filed a reply. On request of Appellee, the Court has stayed further briefing on the appeal until a ruling on the motion to dismiss is issued. ECF No. 15.

## BACKGROUND

The proceedings leading up to the orders from which Briggs appeals are somewhat complicated, and will not be detailed here. Further detail may be found in the January 3, 2017 Memorandum and Order entered by the Hon. Ronnie L. White, *In re Evette Nicole Reed*, No. 4:16CV633 RLW, 2017 WL 44645 (E.D. Mo. Jan. 3, 2017). For purposes of this motion, what is important is that in June 2014, Judge Charles E. Rendlen, III, suspended attorneys James Robinson and Elbert Walton, Jr., from the Bankruptcy Court, related to representation they provided through Critique Services LLC ("Critique"). Thereafter, Briggs volunteered to provide representation to some of Robinson's clients, and he also represented debtors in other cases pending before Judge Rendlen.

---

at 7, and the parties may address in their opposition and reply briefs whether the appeal encompasses only the order entered in this single bankruptcy or the orders in all eight bankruptcy cases.

[2] When referencing Judge Rendlen in his capacity as Appellee, the Court will refer to said party as Appellee. Otherwise, when referencing actions taken in the bankruptcy court proceedings, the Court will refer to Judge Rendlen.

On April 20, 2016, after protracted proceedings,[3] including several show cause orders, Judge Rendlen issued a Judgment and Memorandum Opinion (the "April 20 Contempt Order") finding Briggs, Robinson, and Critique to be in contempt of Court for failing to comply with an Order Compelling Turnover. Judge Rendlen also found that Briggs had deliberately made certain misleading representations. As material to the instant motion, the April 20 Contempt Order imposed numerous sanctions, including the suspension of Briggs from using the Bankruptcy Court's electronic filing system ("CM-ECF") and from practicing before the Bankruptcy Court for six months, until October 15, 2016. Briggs was also prohibited from soliciting new clients and from filing new cases in the Bankruptcy Court, but was allowed to continue to represent clients he had of record as of April 20, 2016. The identical order was filed in eight separate bankruptcy cases, including the instant case, *In re Evette Nicole Reed*, Case No. 14-44818-705. On April 28, 2016, Critique and its owner filed a Motion to Consolidate the eight cases, which Judge Rendlen denied in an Order dated May 4, 2016 (the "May 4 Order").

Appeal Before Judge White

Briggs and Critique each filed notices of appeal to the District Court in the eight cases. Briggs thereafter filed a motion to consolidate the eight appeals, and on May 25,

---

[3] Other court proceedings also arose regarding the possible entry of sanctions. Robinson and Walton appealed the order of sanctions entered by the Bankruptcy Court, which order was affirmed by the District Court and also affirmed by the Eighth Circuit Court of Appeals, in July 2016. *In re LaToya L. Steward*, No. 15-1857, 2016 WL 3629028 (8th Cir. Jul. 7, 2016). In August 2015, after Judge Rendlen notified Briggs he was considering issuing attorney sanctions, Briggs filed a writ of prohibition, which was denied on August 11, 2016. Case No 4:15CV1204 CEJ.

2016, Judge White granted the motion and consolidated the eight pending appeals. *In re Evette Nicole Reed*, Case No. 4:16CV00633 RLW, ECF Nos. 5, 11.

In his Amended Statement of the Issues to be Presented on Appeal before Judge White, Briggs argued that (1) the Bankruptcy Court lacked authority under Article III of the United States Constitution to enter a final order of sanctions, and at most had jurisdiction to enter proposed findings and conclusions for *de novo* review by the District Court; (2) the Bankruptcy Court lacked authority to suspend Briggs from practicing before the court, and that Judge Rendlen's *sua sponte* suspension violated Briggs' due process rights and right of equal protection; and (3) the sanctions imposed were not supported by clear and convincing competent evidence. *Id.*, ECF No. 8. Critique asserted similar issues regarding the authority and jurisdiction of Judge Rendlen to enter the sanctions, and also argued that Judge Rendlen abused his discretion in denying the motion to consolidate the eight Chapter 7 bankruptcy cases. Briggs did not join in the motion to consolidate filed in the bankruptcy court, and from this Court's review of the case file, he did not challenge the May 4 Order denying the motion to consolidate in either his Amended Statement of the Issues to be Presented on Appeal or in his appellate brief.

On January 3, 2017, Judge White issued a detailed Memorandum and Order denying the appeals of Briggs and Critique and affirming the April 20 Contempt Order. *In re Evette Nicole Reed*, Case No. 4:16CV633 RLW, 2017 WL 44645 (E.D. Mo. Jan. 3, 2017). Judge White also found that Critique had failed to demonstrate that the Bankruptcy Court abused its discretion in entering the May 4 Order denying consolidation. *Id.* at *7.

Reinstatement of Sanctions

Meanwhile, based on motions Briggs filed in the bankruptcy court regarding his intent to be candid regarding his knowledge of Critique, and his cooperation and information he thereafter provided to the Missouri Attorney General, Judge Rendlen on May 10, 2016, modified Briggs' suspension to permit Briggs (i) to file new cases for any client he had agreed to represent prior to April 20, 2016 but whose case had not yet been filed; and (ii) to remotely use the Court's CM-ECF filing system.

On June 29, 2016, a bankruptcy action was filed on behalf of Melody Young, and assigned to Judge Surratt-States. *In Re Melody Young*, Case No. 16-44624. Based on discrepancies between the attorney signing the petition (Greg Luber) and the use of Briggs' CM-ECF passcode, and the explanation allegedly provided by Briggs, Judge Rendlen entered an Order (the "June 29 Order") immediately reinstating the prohibition on Briggs remotely using the CM-ECF system and the prohibition on Briggs filing any new cases for pre-April 20, 2016 clients, on the terms set forth in the April 20 Contempt Order.

The Appeal Before This Court

On July 13, 2016, Briggs filed a notice of appeal in Case No. 14-44818-705, appealing from the June 29 Order reinstating the prohibitions, and the May 4 Order denying the motion to consolidate. ECF No. 1. In his July 28, 2016 Appellant's Statement of Issues to be Raised on Appeal, Briggs stated his intent to raise the following issues:

> (1) Judge Rendlen lacked authority under Article III and lacked jurisdiction to enter the June 29 Order "and the underlying Judgment of April 20, 2016, imposing sanctions upon Appellant";

(2) the June 29 Order was entered *sua sponte*, without notice or an opportunity to respond, and thus denied Briggs due process of law;

(3) the June 29 Order was entered without jurisdiction, inasmuch as the facts that formed the basis of the Order arose in a case assigned to different bankruptcy judge who had exclusive jurisdiction over the proceedings in that bankruptcy case;

(4) the June 29 Order is not supported by the record; and

(5) Judge Rendlen abused his discretion in the May 4 Order denying the motion to consolidate for purposes of appeal.

ECF No. 5. Specifically, for Issue (1), Briggs asserted:

> The Bankruptcy court lacked authority under Article III of the United States Constitution to enter its Order of June 29, 2016, and the underlying Judgment of April 20, 2016, imposing sanctions upon Appellant. Rather, if the Bankruptcy Court believes that sanctions are warranted, it only has jurisdiction to enter proposed findings of fact and conclusions of law, for *de novo* review by the District Court. *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. __, 134 S.Ct. 2165 (2014). The Bankruptcy Court lacked the jurisdiction to enter a final order inasmuch as the judgment was a criminal contempt and this Court lacked authority under Article III to enter a final judgment of criminal contempt. To the extent that the Order of June 29, 2016 is based on purported violations of the April 20, 2016 Judgment, the Bankruptcy Court lacked the jurisdiction to enter a final Order; rather the Bankruptcy Court only had the authority to enter proposed findings of fact and conclusions of law.

*Id.* at 1.

Following the filing of Briggs's Statement of Issues to be Raised on Appeal, Appellee filed the motion to dismiss that is pending before this Court. ECF No. 7. Shortly after the reply brief was filed, and before this Court could rule on the motion to dismiss, Briggs filed his appellant's brief. ECF No. 12. Appellee thereafter requested

6

additional time to file appellee's brief until such time as the Court rules on the motions to dismiss, which this Court granted.

### Arguments of the Parties

In his motion to dismiss the appeal, Appellee argues that in Issues (1) through (4) of his Statement of Issues, Briggs is making the same arguments regarding the same sanctions as he raised before Judge White, and that Briggs is seeking two bites of the same apple. Appellee further contends that Briggs lacks standing to challenge the denial of the motion to consolidate, raised in Issue (5).

Briggs responds that the issues raised in points (1) through (4) are not duplicative of the appeal before Judge White. Rather, they assert different issues, unrelated to the April 20 Contempt Order, namely, (i) whether Judge Rendlen had jurisdiction to enter the June 29 Order based on filings made in a different case before a different bankruptcy judge, and (ii) even if Judge Rendlen had jurisdiction, the entry of the June 29 Order *sua sponte*, without notice or an opportunity to be heard, violated Riggs's due process rights. In his opposition, Briggs acknowledges that his Statement of Issues indicates that he would raise many of the same issues raised in the appeal before Judge White, but Briggs asserts that he listed those issues to protect against any argument that he waived any grounds of error. With respect to Issue (5), Briggs argues that he has standing to challenge the May 4 Order denying consolidation because the denial forced him to pay the $298 filing fee for an appeal in all eight cases. He contends that he was not required to file his own motion to consolidate, as it would have been on the same grounds as Critique's motion and would have been futile.

Appellee replies that the primary issue raised in the current appeal is whether he had jurisdiction to sanction Briggs, and that Issues (1) through (4) are therefore duplicative of the appeal before Judge White. Appellee contends that if he had authority to issue the original sanctions, he had authority to reinstate them. As to Issue (5), Appellee adds the argument that the appeal of the denial of the motion to consolidate is time-barred.

## **DISCUSSION**

Issues (1) through (4)

The Court agrees that Briggs cannot challenge the jurisdiction or authority of the Judge Rendlen to enter the original April 20 Contempt Order, as such a challenge is duplicative of the issues raised in the appeal before Judge White. *See Fisher v. White*, 23 F. App'x 131, 131 (4th Cir. 2001) (dismissing an appeal as duplicative of an appeal from the same order appealed). Moreover, Judge White having rejected Briggs's arguments and affirmed the April 20 Contempt Order, Briggs is barred by the doctrine of res judicata from raising those issues here. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979). "The doctrine [of res judicata] applies to jurisdictional issues as well as substantive issues." *Americana Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). Thus, to the extent Briggs seeks to re-raise the jurisdiction and authority of Judge Rendlen to issue the April 20 Contempt Order, he is precluded from doing so.

The Court is not convinced, however, that all of the issues Briggs seeks to raise here are duplicative of the appeal before Judge White. Briggs states that he is challenging only the authority to reinstate sanctions in the June 29 Order, on grounds that include his claim that Judge Rendlin lacked jurisdiction to enter the June 29 Order because actions forming

8

the basis of the order took place in a case that was pending before another judge, and because the order was issued without notice and an opportunity to be heard. Though the wording of Issue (1) plainly suggests an intent to challenge the jurisdiction and authority to enter the original sanctions order, Briggs contends he included arguments pertaining to the April 20 Contempt Order only to avoid any argument of waiver, and that he does not intend to challenge the authority to issue the April 20 Contempt Order in this appeal. The opening brief Briggs filed confirms this assertion.

Appellee cites no authority in support of his contention that if he had jurisdiction to enter the initial sanctions order, he therefore necessarily had jurisdiction to reinstate the sanctions following his interim order reducing some of the sanctions. And Briggs raises due process issues with respect to the manner in which the June 29 Order was entered that are separate from the issues raised in the appeal before Judge White.

As such, Briggs is barred from challenging the validity of the initial April 20 Contempt Order, but is otherwise not precluded from asserting the issues in his Statement of Issues to the extent they are directed to the June 29 Order.

Issue (5):

The Court has reservations regarding the ability of Briggs to appeal the June 29 Order denying Critique's motion to consolidate, especially where, as here, he failed to raise the issue in the prior appeal. However, because Appellee raised the timeliness issue for the first time in his reply brief, and to allow the parties to address the impact of Judge White's decision – issued after the parties filed their memoranda regarding Appellee's motion to dismiss – affirming the denial of the motion to consolidate, the Court believes it

9

would be best to permit the parties to complete their briefing and arguments with respect to Issue (5).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Appellee's Motion to Dismiss [ECF No. 7] is **GRANTED in part and DENIED in part** as follows: Appellant Ross H. Briggs shall be precluded for challenging the jurisdiction or authority of the Bankruptcy Judge to issue the April 20 Contempt Order, as outlined in Issue (1) of his Statement of Issues, but the motion is otherwise denied, such that Briggs will be permitted to address the issues raised in his Opening Brief (ECF No. 12).

The Court will issue a briefing schedule by separate order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2017.