**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EVETTE NICOLE REED, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| ROSS H. BRIGGS, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | No. 4:16-CV-01141-AGF |
| | ) | |
| HON. CHARLES E. RENDLEN III, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the appeal of Appellant Ross H. Briggs ("Briggs") of two Bankruptcy Court orders in a Chapter 7 proceeding: (1) a May 4, 2016 Order denying consolidation ("May 4 Order"); and (2) a June 29, 2016 Order reinstating previously-imposed sanctions ("June 29 Order"). ECF No. 1. Also before the Court is Appellant's combined motion and memorandum to disqualify the Honorable Charles E. Rendlen, III, on remand. ECF No. 25. For the following reasons, the Court will deny Briggs's appeal because Briggs is foreclosed from appealing the May 4 Order denying the motion to consolidate. And having failed to appeal the June 29 Order in the seven

other bankruptcy proceedings, Briggs's appeal of the June 29 Order is moot. In light of these rulings, the Court will also deny as moot the motion to disqualify.[1]

## BACKGROUND

The facts giving rise to this appeal are complex, although most are not relevant to the issues now on appeal. Briggs claims he occasionally worked on a contract basis with Critique Services, LLC ("Critique"), a bankruptcy services company.[2] ECF No. 25 at 1-2. In June 2014, Judge Rendlen[3] suspended James Robinson, another attorney associated with Critique, and Briggs assumed representation of Robinson's former clients, including the bankruptcy proceeding brought on behalf of Evette Nicole Reed ("Reed proceeding"). *Id.* at 5. After a series of issues involving Briggs and Robinson with regard to attorney's fees, Judge Rendlen issued a 250-page order on April 20, 2016 ("April 20 Order") imposing sanctions on Briggs in the Reed proceeding. The Order was also entered in seven other bankruptcy cases in which Briggs assumed representation from Robinson.[4]

---

[1] Briggs has requested oral argument. ECF No. 10 at 36. Finding that the issues have been extensively briefed and that oral argument would not assist the Court, the request is denied.

[2] Critique is a party to the underlying Reed proceeding, but is not a party to this appeal.

[3] When referencing Judge Rendlen in his capacity as Appellee, the Court will refer to said party as Appellee. Otherwise, when referencing actions taken in the Bankruptcy Court proceedings, the Court will either refer directly to Judge Rendlen or to the Bankruptcy Court.

[4] Those other cases are: *In re Pauline A. Brady*, Case No. 14-44909-705; *In re Lawanda Lanae Long*, Case No. 14-45773-705; *In re Marshall Beard*, Case No. 14-43751-705; *In re Darrell Moore*, Case No. 14-44434-705; *In re Nina Lynne Logan*, Case

2

The sanctions included, inter alia, a suspension from practicing before the Bankruptcy Court in any bankruptcy suits filed after April 20, 2016;[5] a prohibition against using the Bankruptcy Court's electronic filing system; and the requirement that Briggs complete 12 hours of professional ethics CLE.

Separate Appeal of the April 20 Order Before Judge Ronnie L. White

On April 28, 2016, Critique filed a motion to consolidate the eight bankruptcy cases, which Judge Rendlen denied on May 4, 2016 ("May 4 Order"). Bankr. ECF No. 151. On that same day, May 4, 2016, Critique and Briggs filed notices of appeal in each of the eight cases in which the Bankruptcy Court entered the April 20 Order. Critique then filed a motion on May 13, 2016, to consolidate the identical appeals in the case bearing the lowest cause number, Case No. 4:16-cv-00633, before Judge White. Judge White granted the motion on May 25, 2016. April 20 Order Appeal, ECF No. 11.[6] On June 7, 2016, Critique filed an amended statement of issues to be presented on appeal to include an appeal from the May 4 Order. April 20 Order Appeal, ECF No. 26; Bankr. ECF No. 194. Briggs did not raise the May 4 Order denying consolidation in his appeal.

---

No. 14-44329-705; *In re Jovon Neosha Stewart*, Case No. 14-43912-705; and *In re Angelique Renee Shields*, Case No. 14-43914-705.

[5] The suspension did not bar Briggs from representing clients in cases filed prior to April 20, 2016.

[6] Citations to pleadings filed in the Reed proceeding shall be in the form of "Bankr. ECF No. __." Citations to pleadings filed in this case shall be in the form of "ECF No. __." Citations to pleadings filed in the appeal of the April 20 Order before Judge White shall be in the form of "April 20 Order Appeal, ECF No. __."

3

On January 3, 2017, Judge White issued a detailed Memorandum and Order denying the appeals of Briggs and Critique and affirming the April 20 Order. April 20 Order Appeal, ECF No. 57. Specifically, Judge White found that Judge Rendlen had the authority to issue sanctions, that the sanctions were civil in nature, that Briggs received adequate due process, and that the Bankruptcy Court did not abuse its discretion in its factual findings that formed the basis of the sanctions. Judge White also found that the Bankruptcy Court did not abuse its discretion when it entered the May 4 Order denying Critique's motion for consolidation. Briggs appealed Judge White's order, and the matter is currently pending before the Eighth Circuit Court of Appeals. *See Ross Briggs v. Hon. Charles Rendlen*, Case No. 17-1143 (8th Cir. appeal docketed Jan. 17, 2017).

Lifting of Sanctions

Soon after the April 20 Order, Briggs filed in the Reed proceeding two motions for limited relief from the April 20 Order based on his declared intention to be candid regarding his knowledge of Critique and his cooperation with the Missouri Attorney General, who was investigating the activities of Critique. Bankr. ECF Nos. 138 & 139. Judge Rendlen granted the motions on April 28 and May 10, respectively, allowing Briggs to remotely access the Bankruptcy Court's electronic filing system and file new cases on behalf of clients who had retained Briggs prior to April 20, 2016. However, the sanction prohibiting Briggs from filing new cases on behalf of clients who retained Briggs after April 20, 2016, remained in place. Judge Rendlen made it clear that the

4

relief granted in both orders was on an interim basis and that by lifting some of the sanctions, Judge Rendlen was not reconsidering or vacating the April 20 Order.[7]

Reinstatement of Sanctions

On June 29, 2016, Briggs filed a new bankruptcy case on behalf of Melody Young (the "Young proceeding"), which was assigned to Chief Bankruptcy Judge Surratt-States. After the case was filed, the clerk's office noticed discrepancies between the attorney signing the petition (Greg Luber) and the use of Briggs's electronic filing passcode. Based on these discrepancies, paired with Briggs's explanation thereof, Judge Rendlen entered an Order (the "June 29 Order") immediately reinstating the prohibitions on

---

[7] The April 28 Order allowing Briggs to use the Bankruptcy Court's electronic filing system provided:

> The restoration of Briggs's CM-ECF privileges on an interim basis does not amend, modify or otherwise alter the [April 20] Order. The [April 20] Order is final and stands in all respects. Briggs is still subject to its terms. This interim relief is a gesture of mercy by the Court regarding the sanctions it chose to impose; it is not a right or reward earned by Briggs, and it does not alter the Court's findings or conclusions in the Order.

Bankr. ECF No. 142 at 3. The May 10, 2016 Order allowing Briggs to file cases for clients who had retained Briggs prior to April 20, 2016 provided:

> This relief is on an interim basis. It will be revisited if it appears that Briggs is no longer operating in good faith before this Court, or if he is determined to be in violation of any term of the April 20 Order from which he has not been relieved.
>
> Nothing herein affects the finality, effectiveness, or binding nature of the April 20 Order. The relief herein is an act of mercy by the Court in light of Briggs's recent efforts to bring himself back into good standing with the Court. It is not vacatur or reconsideration of the April 20 Order.

Bankr. ECF No. 160 at 4-5.

Briggs from remotely using the electronic filing system and from filing any new cases for pre-April 20, 2016 clients, on the terms set forth in the April 20 Order.  The June 29 Order was entered in all eight cases.  Briggs did not file any motion to consolidate following the issuance of the June 29 Order.

The Appeal Before This Court

Briggs now appeals the June 29 Order reinstating sanctions, as well as the May 4 Order denying Critique's motion to consolidate.  The Court previously addressed Appellee's motion to dismiss (ECF No. 7) certain issues raised in Briggs's Statement of Issues to be Raised on Appeal (ECF No. 5).  The Court granted in part and denied in part that motion to dismiss (ECF No. 18), holding that Briggs was precluded from challenging the jurisdiction or authority of the Bankruptcy Judge to issue the April 20 Order, but permitting Briggs to address the other issues raised in his Opening Brief.  The Court will now address the following issues raised by Briggs on appeal:

(1) Judge Rendlen lacked jurisdiction to enter the June 29 Order based on a filing made in a case before Chief Judge Surratt-States;

(2) the June 29 Order, entered *sua sponte*, violated Briggs's right to due process because he was not provided with notice or an opportunity to respond;

(3) Briggs's notice of appeal filed in this lawsuit is sufficient to appeal the entry of the June 29 Order in all eight cases; and

(4) Judge Rendlen abused his discretion when he denied Critique's motion to consolidate in the May 4 Order, which Briggs has standing to appeal.

In addition to the aforementioned issues on appeal, Briggs has filed a motion to disqualify Judge Rendlen on remand.

6

## ARGUMENTS OF THE PARTIES

Appeal of June 29 and May 4 Orders

Briggs argues that Judge Rendlen lacked jurisdiction to reinstate sanctions against Briggs because the Young proceeding was before Chief Judge Surratt-States and had nothing to do with the cases to which the April 20 Order applied, and that he was denied due process when Judge Rendlen reinstated the April 20 Order's sanctions without notice of the court's intent to reinstate sanctions and providing an opportunity to respond. Briggs further asserts that the notice of appeal of the June 29 Order filed in the Reed proceeding is sufficient to appeal the entry of the June 29 Order in the other seven bankruptcy cases. With respect to the May 4 Order, Briggs argues that Judge Rendlen abused his discretion when he denied Critique's motion to consolidate in the May 4 Order. Briggs contends that he has standing to appeal because that denial was determinative of issues applying to both Briggs and Critique, who were in parallel positions and subject to the same sanctions judgment. ECF No. 12.

Appellee first argues that Briggs's appeal is moot because Briggs only appealed the June 29 and May 4 Orders entered in the Reed proceeding, leaving undisturbed identical orders entered in the remaining seven cases. As a result, even if the Court were to grant the relief sought by Briggs, he would be subject to identical orders in the seven other cases. Even if the issue were not moot, Appellee argues that the Bankruptcy Court properly exercised its authority to issue sanctions in the June 29 Order under 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 9011, and/or its inherent authority. Appellee further contends that Briggs was not entitled to additional due process protections in

connection with the June 29 Order because the Bankruptcy Court did not impose new sanctions, but instead reinstated sanctions that were imposed upon Briggs after he received all necessary due process protections.

As to the appeal of the May 4 Order denying consolidation, Appellee argues that the time for bringing such an appeal has long-since expired, that Briggs lacks standing to challenge the denial of an order on another party's motion, and, regardless, that the issue is moot because Judge White granted the motion to consolidate for purposes of the appeal of the April 20 Order. ECF No. 23.

Motion to Disqualify Judge Rendlen on Remand

Briggs also urges the Court to disqualify Judge Rendlen on remand due to actions taken by Judge Rendlen that Briggs argues are improper. Specifically, he claims Judge Rendlen has exhibited a degree of antagonism that makes belief in a fair judgment impossible; engaged in improper ex parte communications; and conducted improper investigation into matters wholly unrelated to the litigation before him. Appellee argues in response that, as noted above, an identical motion to disqualify is pending before the Eighth Circuit and, to avoid inconsistent rulings, the Court should delay ruling on the motion until the Eighth Circuit has made its decision.

## **DISCUSSION**

Standard of Review

A bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. *Briggs v. Labarge (In re Phillips)*, 433 F.3d 1068, 1071 (8th Cir. 2006) (internal citation omitted). "A bankruptcy court's decision to impose

sanctions is reviewed for an abuse of discretion." *Id.* (citing *Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 581 (8th Cir. 2001)); *see also Grunewaldt v. Mut. Life Ins. Co. of N.Y. (In re Coones Ranch, Inc.)*, 7 F.3d 740, 743 (8th Cir. 1993)) ("We apply an abuse-of-discretion standard of review in all aspects of Rule 11 (and by analogy, Rule 9011) cases.") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

May 4 Order

Before reaching the merits of Briggs's appeal of the May 4 Order, the Court first examines whether it has jurisdiction over this aspect of the appeal. "It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). Standing in a bankruptcy appeal is narrower than Article III standing. *In re Peoples*, 764 F.3d 817, 820 (8th Cir. 2014). The person aggrieved doctrine—the governing rule in bankruptcy proceedings—limits standing "to persons with a financial stake in the bankruptcy court's order," meaning they were "directly and adversely affected pecuniarily by the order." *Id.* (quoting *In re Marlar*, 252 B.R. 743, 748 (8th Cir. BAP 2000)).

Here, Briggs does not have standing to challenge the May 4 Order, which was filed by Critique, who is not a party to this appeal. Briggs argues that the May 4 Order denying consolidation was harmful to him because, as a result of the order, the notice of appeal Briggs filed in the Reed proceeding did not operate as a proper notice of appeal in the seven other cases. However, Briggs's arguments of current harm are unavailing. Briggs's harm is not the result of the May 4 Order denying consolidation. Instead, his

9

own failure either to file a separate motion to consolidate following the June 29 Order or to appeal the June 29 Order in the seven other cases is what caused the harm Briggs now suffers.

Furthermore, Briggs failed to file a motion to consolidate following the June 29 Order, and as such never properly presented the issue of consolidation to the Bankruptcy Court as it applied to the June 29 Order. By failing to request consolidation at that time, he failed to preserve the issue on appeal.

Even assuming that Briggs has standing to challenge the May 4 Order, his appeal appears to be untimely and to have been forfeited. Appellee argues that Briggs's appeal of the May 4 Order is untimely because it was not filed within fourteen days of its entry. [8] Briggs takes the position that the May 4 Order denying consolidation was an interlocutory order that merged into the June 29 Order, which is final for purposes of appeal.

The Court recognizes that the final order rule in a bankruptcy proceeding is more flexible and that discrete units within the overall bankruptcy may be appealable as final orders. *See In re M & S Grading, Inc.*, 526 F.3d 363, 368 (8th Cir. 2008) ("[A]n order entered before the conclusion of a bankruptcy case is not subject to review under [28

---

[8] Appellee argues that Briggs is time barred from challenging the May 4 Order because he did not file the notice of appeal within the fourteen day time limit set by Federal Rule of Bankruptcy Procedure 8002(a)(1). But Appellee did not address whether the May 4 Order denying consolidation was interlocutory or final, nor discuss whether the fourteen-day time limit applies to interlocutory orders entered by a bankruptcy court. *See After Six, Inc. v. Abraham Zion Corp.*, 167 B.R. 35, 40 (E.D. Pa. 1994) (holding that failure to file timely appeal of interlocutory order of bankruptcy court, that could have been taken upon leave, did not effect a waiver of the right to appeal the issue at the conclusion of the underlying bankruptcy matter).

U.S.C.] § 158(d) unless it finally resolves a discrete segment of the underlying proceeding"); *Isaacson v. Manty*, 721 F.3d 533, 537 (8th Cir. 2013) (the standard for determining finality for the purposes of appeal is "more flexible" in bankruptcy matters than it is in other civil cases); *In re Oakley*, 344 F.3d 709, 711 (7th Cir. 2003) ("Although it didn't wind up the bankruptcy proceeding, it definitively adjudicated the debtor's entitlement to a definite amount of money. The adjudication is definitive because it cannot be affected by the resolution of any other issue in the proceeding, and therefore no purpose would be served by postponing the [interlocutory] appeal to the proceeding's conclusion."); *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1364 (9th Cir. 1992) ("where an issue is determined in an interlocutory order and later incorporated into a final order, the determination of the original issue is appealable upon an appeal of the final order"). And orders imposing sanctions are normally considered final for the purpose of a bankruptcy appeal. *See generally In re Young*, 507 B.R. 286, 291 (B.A.P. 8th Cir. 2014), *aff'd,* 789 F.3d 872 (8th Cir. 2015). Further, the Court agrees that in general, related interlocutory orders, opinions, and non-final partial judgments are subject to review along with an appealable judgment in bankruptcy proceedings. *See In re Olympic Mills Corp.*, 333 B.R. 540, 548 (B.A.P. 1st Cir. 2005), *aff'd,* 477 F.3d 1 (1st Cir. 2007) (listing cases).

However, even accepting Briggs's position that the May 4 Order was interlocutory, and that interlocutory orders that are a part of the same discrete segment may merge into and be subject to appeal upon entry of the final order, the Court does not accept Briggs's further contention that he could not appeal the May 4 Order until the June

11

29 Order was entered. *See* Briggs Reply Brief, ECF No 24, at 7. To the contrary, if Briggs now has standing to appeal the May 4 Order denying Critique's motion for consolidation, then he had the exact same standing to raise it in connection with the April 20 Appeal proceedings before Judge White. The April 20 Order was a final order that imposed sanctions on Briggs and resolved a discrete segment of the Reed proceeding, and Briggs nowhere contends that the May 4 Order was not appealable as part of the April 20 Appeal. Moreover, Briggs had the exact same opportunity then to challenge the May 4 Order that he has now. Critique's motion to consolidate the eight bankruptcy cases was filed before any appeal of the April 20 Order, and Briggs filed his notices of appeal in the April 20 Appeal on the same day that Judge Rendlen entered the May 4 Order denying the motion to consolidate.

As such, if Briggs has standing to appeal the May 4 Order, the time to do so was in connection with the April 20 Appeal. *See Howe v. City of* Akron, 801 F.3d 718, 743 (6th Cir. 2015) (holding that "a party who attempts to raise in a second appeal an issue, which could have been raised and fully litigated in the first appeal, has forfeited the issue.") Permitting Briggs to forego raising the issue in connection with the April 20 Appeal, to which he is a party, and then attempt to do so for the first time when the sanctions are reinstated, gives rise to piecemeal litigation and the risk of inconsistent rulings.

Furthermore, Briggs is barred from appealing the May 4 Order under the doctrine of law of the case. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Alexander v. Jensen-Carter*, 711 F.3d 905, 909 (8th Cir. 2013) (citing *Arizona v. California,* 460 U.S.

12

605, 618 (1983). This doctrine applies to appellate decisions, as well as final decisions by the district court that have not been appealed. *Id.* at 620. This prevents the relitigation of settled issues in an action, thus protecting the expectations of the parties, ensuring uniformity of decisions and promoting judicial efficiency. *Morris v. American Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993).

The parties appealed the May 4 Order, and Judge White ruled on the merits of the order. April 20 Order Appeal, ECF No. 57. Although the law of the case doctrine does not generally apply to interlocutory orders (*see First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir. 2007)), the May 4 Order was merged into a final order and decided on appeal. As a result, the doctrine applies, and Briggs cannot relitigate the same issues previously resolved by Judge White.

In any event, even if the appeal were properly before the Court, the Court would affirm the May 4 Order for the reasons set forth in Judge White's opinion. As discussed more fully in Judge White's Order, Critique filed a motion under Federal Rule of Civil Procedure 42(a) to consolidate all eight bankruptcy cases, but the Bankruptcy Court denied the request, in part because Critique's involvement with each of the eight debtors was different and because the bulk of the trial-level adjudication had been concluded. As Judge White correctly noted, Judge Rendlen's May 4 Order denying consolidation "should not be disturbed unless it is determined that the court clearly abused its discretion." *U.S. E.P.A. v. City of Green Forest, Ark.,* 921 F.2d 1394, 1402 (8th Cir. 1990). Here, Briggs has not shown that the order denying the motion to consolidate was an abuse of discretion. The fact that Judge White consolidated the appeals of the

sanctions orders does not serve to demonstrate that Judge Rendlen abused his discretion by not consolidating the underlying cases.

June 29 Order

In light of the above ruling, the Court agrees with Appellee that Briggs's appeal of the June 29 Order is moot. A case becomes moot when the court can no longer grant any effectual relief to a prevailing party due to a change in circumstances. *In re Gretter Autoland, Inc.*, No. 16-3490, 2017 WL 3139442, at *2 (8th Cir. July 25, 2017) (citing *Campbell-Ewald Co. v. Gomez*, ––– U.S. ––––, 136 S.Ct. 663, 669 (2016). If nothing of practical consequence turns on the outcome of an appeal, then the appeal is moot. *Id.* (citing *In re Smith*, 921 F.2d 136, 138–39 (8th Cir. 1990)). A district court does not have jurisdiction over an appeal from an interlocutory bankruptcy court order where the reviewing court is incapable of providing meaningful relief. *See In re O & S Trucking, Inc.*, 529 B.R. 711, 717 (B.A.P. 8th Cir. 2015), *aff'd*, 811 F.3d 1020 (8th Cir. 2016).

Here, Briggs did not file any motion to consolidate the cases, and only filed a notice of appeal of the June 29 Order in the Reed proceeding, leaving undisturbed identical orders entered in the other seven bankruptcy proceedings. Briggs's time to appeal those orders has long since expired under Federal Rule Bankruptcy Procedure 8002(a)(1), and compliance with this requirement is both mandatory and jurisdictional. *See In re Delta Eng'g Int'l, Inc.*, 270 F.3d 584, 586 (8th Cir. 2001). [9]

---

[9] To the extent the June 29 Order is not final but interlocutory, the Court would in any event exercise its discretion to deny review. *See In re Mach., Inc.,* 275 B.R. 303, 306-07 (B.A.P. 8th Cir. 2002) (holding that leave to appeal an interlocutory bankruptcy order should be "sparingly granted and then only in exceptional cases," and may be

14

As a result of Briggs's failure to file appeals in the other seven cases, Appellee argues that even if the Court were to grant the relief requested by Briggs and reverse the June 29 Order in the Reed proceeding, it would be to no avail, as the identical orders in the other cases remain in effect and cannot be timely appealed. Briggs responds that the appeal of the June 29 Order in the Reed proceeding operates as an appeal of the identical orders in the other cases. In support, he points to the fact that the June 29 Order bears the caption of all eight cases and that identical orders were filed in all eight cases. He argues that his notice of appeal, which also bears the caption and case number of all eight cases, satisfies the Eighth Circuit's policy of liberal construction of notices of an appeal where intent is apparent and there is no prejudice to the adverse party. *See Hawkins v. City of Farmington*, 189 F.3d 695, 704 (8th Cir. 1999).

The Supreme Court has held that consolidation is utilized as a matter of convenience and economy in administration, but it does not merge suits into a single action or change the rights of the parties. *Johnson v. Manhattan Railroad,* 289 U.S. 479, 496-97 (1933). When "technical consolidation into a single action [does] not occur, but rather [the consolidation is] an arrangement for joint proceedings and hearings, for convenience, then each suit retains its individual nature, and appeal in one suit is not precluded solely because the other suit is still pending before the district court." *Tri-State*

---

properly denied where an immediate appeal would not "materially advance the ultimate termination of the litigation"). Nothing in the record before the Court suggests that an immediate appeal of the June 29 Order would materially advance the litigation here, particularly in light of the fact that the same Order would still be in effect in seven other cases.

15

*Hotels, Inc. v. F.D.I.C.*, 79 F.3d 707, 711 (8th Cir. 1996) (internal citations and quotations omitted).

Briggs cites *Sather v. C.I.R.*, 251 F.3d 1168, 1172 (8th Cir. 2001) to support his contention that a separate notice of appeal in each of a number of companion cases is not required. There, the tax court consolidated a number of cases for trial purposes, and it issued a judgment in each case. The issue before the Eighth Circuit was whether a notice of appeal that failed to specify all the parties to that appeal should be dismissed. The Eighth Circuit held that because the notice of appeal listed the docket numbers for each of the nine cases, those cases had been consolidated by the tax court, and the notice did not prejudice the opposing party, the notice satisfied the requirements of Federal Rule of Appellate Procedure 3(c)(1)(A). Briggs contends that like the orders at issue in *Sather*, the June 29 Order was filed in each of the eight cases and its caption listed the eight cases to which it applied, thereby putting the parties on notice of the appeal. Bankr. ECF No. 199 at 1.

But *Sather* is distinguishable because, unlike *Sather*, the eight cases in which the June 29 Order was entered were not formally consolidated. Instead, *Mendel v. Prod. Credit Ass'n of the Midlands*, 862 F.2d 180 (8th Cir. 1988) is instructive. There, two cases were informally consolidated, notations on the docket sheet reflected that the actions were consolidated pursuant to oral instructions by the judge, and the captions of the pleadings contained the case information of both cases. The Eighth Circuit held that despite the appearance of consolidation, only where two actions are formally

16

consolidated by way of a written order will a notice of appeal filed in one case have the effect of appealing judgments in both cases. *Id.* at 182.

Here, Judge Rendlen never formally consolidated the cases and, in fact, the May 4 Order expressly denied formal consolidation. Therefore, to appeal the June 29 Order, Briggs had to file separate notices of appeal in each of the eight cases in which the June 29 Order was entered. Instead, Briggs appealed the June 29 Order only in the Reed proceeding. As a result, even if the Court were to grant Briggs the relief he seeks, he would still be subject to the sanctions imposed by the June 29 Order in effect in seven other cases.[10]

A case becomes moot when the court can no longer grant any effectual relief to a prevailing party. Mootness acts as a jurisdictional bar and must be considered before reaching the merits of the case. *Arkansas AFL-CIO v. F.C.C.*, 11 F.3d 1430, 1435 (8th Cir. 1993). Although Briggs's appeal of the June 29 Order in the Reed proceeding was timely filed, the appeal is moot because the Court cannot grant any effectual relief to Briggs. As a result, the Court will dismiss his appeal.

Standing to Challenge Moot Appeal Based on Reputational Damage

Briggs argues that even if the Court finds the appeal of the June 29 Order moot, he may still proceed with the appeal because the order caused reputational damage. ECF No. 12 at 11; ECF No. 24 at 6-7. In support, he cites *Martinez v. City of Chicago*, 823

---

[10] The Court notes that after Briggs and Critique filed eight notices of appeal of the April 20 Order, those district court cases were subsequently consolidated for the purposes of appeal by Judge White. April 20 Order, ECF No. 11. However, Judge White's consolidation of the appeals at the district court did not operate to consolidate the eight still-pending cases in the Bankruptcy Court.

17

F.3d 1050 (7th Cir. 2016). However, Brigg's reliance on this case is wholly misplaced. This is not a case where the monetary sanctions were paid or the parties settled, leaving the attorney without a remedy for the non-monetary fallout of the sanction order. Instead, Briggs neglected to appeal the June 29 Order in the other bankruptcy cases where identical sanctions were imposed. If one accepts Briggs's argument that the June 29 Order is a final appealable order in the Reed case, it necessarily also is a final order in the other seven cases. And no appeal was filed in those cases. Under Federal Bankruptcy Rule of Procedure 8002(a), an appeal of the June 29 Orders in the other seven cases are now time-barred, and the Court has no power to reach those unconsolidated cases and reverse orders not on appeal before it. Thus, the sanctions will remain in any event, and the Court will deny Brigg's appeal for lack of jurisdiction on the basis that the immediate relief sought is moot.

**Motion to Disqualify Judge Rendlen on Remand**

Inasmuch as the Court lacks jurisdiction to reach the merits of Briggs's appeal of the June 29 Order based on mootness, Briggs's motion to disqualify Judge Rendlen on remand will be denied as moot.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the appeal of Briggs of the Bankruptcy Court's May 4 and June 29 Orders is **DENIED.**

**IT IS FURTHER ORDERED** the motion to disqualify Judge Rendlen on remand (ECF No. 25) is **DENIED as moot.**

Dated this 1st day of September, 2017.

                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE